Submitted February 24, 2010, affirmed January 12, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN MICHAEL MARTIN,
*Defendant-Appellant.*

Lane County Circuit Court
200801747; A138664

246 P3d 506

Peter Gartlan, Chief Defender, and Rebecca Duncan, Assistant Chief Defender, Office of Public Defense Services, filed the brief for appellant.

Shawn Michael Martin filed appellant's *pro se* supplemental brief.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Linda Wicks, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Schuman, Judge, and Landau, Judge pro tempore.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals his convictions on two counts of assault in the second degree, ORS 163.175. He assigns error to the trial court's admission of evidence of a prior incident, which he asserts was inadmissible under OEC 404(3).[1] For the reasons stated below, we affirm.

■ We recount the facts presented to the trial court when it admitted the evidence of prior bad acts and review its decision to admit that evidence for errors of law. *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999). Defendant was charged with two counts of second-degree assault based on his conduct in commanding his dog to attack two teenage boys. Defendant invited the boys into his fenced yard, released the dog, and, in English and Spanish, commanded it to attack them. The boys sustained bite injuries during the attack.

Officer Dorman, who investigated the incident, testified that, a month previously, defendant and the same dog were involved in an incident in which defendant held the dog by a chain and commanded the dog to aggressively bark and jump onto a woman in a restaurant parking lot. Following that incident, animal control took custody of the dog, but the day before the incident at issue here, defendant and an acquaintance retrieved the dog from animal control. Defendant admitted to Dorman that he had trained the dog using commands in Spanish, but denied commanding the dog to attack the boys, suggesting instead that they may have been attacked while attempting to break into his camper when he was in jail. On further investigation, however, the officer determined that defendant had been released from jail several days before the attack at issue.

In admitting the evidence regarding the first dog attack, the court noted, among other things, that the two incidents were merely one month apart and that the first incident was relevant evidence of the "analysis of this dog's propensities and what this defendant knew about it." The court went on to explain that defendant "could hardly claim [that]

---

[1] Defendant also asserts two *pro se* assignments of error that are unpreserved; we reject both without discussion.

he had no idea that his dog was vicious. He knew that from the [first] incident, and so it's appropriate for knowledge." Defendant ultimately was convicted following a jury trial.

On appeal, defendant asserts that the testimony regarding the first dog attack was inadmissible character evidence. *See* OEC 404(3).[2] Defendant argues that the evidence of the first incident was not admissible to prove knowledge because he admitted that he knew the dog was vicious and the aggressiveness of the dog was not a contested fact. The state responds that the evidence demonstrates that defendant knew that he could provoke the dog to behave aggressively toward a targeted person.

The Supreme Court has articulated a three-part test for admissibility under OEC 404(3): first, "[t]he evidence must be independently relevant for a noncharacter purpose"; second, "the proponent of the evidence must offer sufficient proof that the uncharged misconduct was committed and that [the] defendant committed it"; and third, "the probative value of the uncharged misconduct evidence must not be substantially outweighed by the dangers or considerations set forth in OEC 403." *State v. Johnson*, 313 Or 189, 195, 832 P2d 443 (1992). Defendant does not challenge the sufficiency of the evidence as to the second part of the test, and this court has held that OEC 404(4),[3] enacted after *Johnson*, precludes OEC 403 balancing of probative value against, among other things, the danger of unfair prejudice. *State v. Moore/Coen*, 349 Or 371, 387-92, 245 P3d 101 (2010); *State v. Phillips*, 217 Or App 93, 97-98, 174 P3d 1032 (2007). Accordingly, our inquiry here reduces to the first part of the test for admissibility: whether evidence of the first incident is relevant for a noncharacter purpose.

---

[2] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[3] OEC 404(4) provides that, "[i]n criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by" the state and federal constitutions and other statutes not applicable to this case.

We concur with the trial court that evidence of the first incident demonstrates defendant's knowledge that he could provoke the dog (which he acknowledges he knew to be aggressive) to assault another. Both incidents are similar in that they involve defendant commanding the dog, sometimes in Spanish, to attack another person. The first incident is relevant for a noncharacter purpose—that is, to establish defendant's knowledge that he could provoke the dog to assault someone.

Affirmed.